UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
ANTHONY FAHME individually and on behalf of
any and all similarly situated consumers

                                         Plaintiff,                08 CV 3528 (KAM) (SMG)

                                                 **AMENDED CLASS ACTION COMPLAINT**

              -against-

GENE KAZLOW
D/B/A KAZLOW & KAZLOW, P.C.

                                 Defendant.

--------------------------------------------------------

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2    Plaintiff is a natural person residing in Kings County, New York.

0.3    Upon information and belief, defendant is a law firm and a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in New York County, New York.  Gene Kazlow is the managing partner of the firm according to the firm's website.

## JURISDICTION

0.4    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1     Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2     That a personal debt was allegedly incurred by the plaintiff to Trump Taj Mahal Associate.

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4     The defendant sent a letter to the plaintiff dated August 18, 2008 (copy attached hereto).

1.6     Plaintiff received said letter.

1.7     The defendant sent the above referenced letter to the plaintiff which was mass produced and computer generated allegedly from defendant.

1.8     That a mass-produced computer generated letter bearing a pro forma signature was forwarded to the plaintiff.

1.9     Upon information and belief, that said letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

1.10    That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to the date of the letter at issue.

1.11    Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter to the plaintiff.

1.12    Said letter states in part: "You have a right to dispute the validity of this debt or any portion thereof.  If you do not dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice, we shall assume the debt to be valid, and our client may consider additional remedies to recover the balance due.  If, however, you notify this office that you dispute this debt, or any portion thereof, within thirty (30) days of receipt of this notice, we will obtain verification of the debt (or a copy of the judgment

against you, if judgment has been obtained upon this debt) and mail this verification (or judgment) to you."

1.13    Said language fails to follow the language from 1692g by failing to indicate that verification of the debt is to be requested in writing.

1.14    A collector on behalf of the defendant left a message for the plaintiff on the plaintiff's answering machine.

1.15    Said collector failed to state that the communication was from a debt collector.

1.16    That as a result of the above violations, defendant is liable to the plaintiff for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

1.17    This cause of action is brought on behalf of plaintiff and the members of a class.

1.18    The class consists of consumers who received the same form letter, as did the plaintiff.

1.19    The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about August 18, 2008 (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Trump Taj Mahal Associate; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(3), 1692e(10) and 1692g.

1.20    A sub-class exists for those class members who received an unlawful telephone message similar to the plaintiff in violation of 15 U.S.C. §§ 1692e(11) and 1692e(10).

1.21    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.  It is similarly so due to the fact that telephone messages are also part of this litigation.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.22     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the

4

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.23    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.24    Collection letters and telephone calls, such as those sent and left by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.25    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated 15 U.S.C. § 1692e(3) where the communication was not from an attorney in a meaningful sense.

(b)    Defendant violated 15 U.S.C. § 1692g and 1692e(10) by failing to advise the plaintiff to request verification in writing.

(c)    Defendant violated 15 U.S.C. § 1692e(11) and 1692e(10) due to the telephone message left for the plaintiff.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)     For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
December 10, 2008

/s/

_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/

_____

Adam J. Fishbein  (AF-9508)

6